Barbara A. Caulfield (CA SBN 108999)
Email: bcaulfield@dl.com
Michael J. Malecek (CA SBN 171034)
Email: mmalecek@dl.com
Stephen C. Holmes (CA SBN 200727)
Email: sholmes@dl.com
DEWEY & LEBOEUF LLP
1950 University Avenue, Suite 500
East Palo Alto, CA  94303-2225
Telephone:  (650) 845-7000
Facsimile:  (650) 845-7333

Attorneys for Defendant
SEQUENOM, INC.

# IN THE UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BECKMAN COULTER INC., a Delaware corporation, and ORCHID CELLMARK INC., a Delaware corporation,<br><br>　　　　　　　Plaintiffs,<br><br>　vs.<br><br>SEQUENOM, INC., a Delaware corporation,<br><br>　　　　　　　Defendant. | Case No. 08 CV 1013 W POR<br><br>**SEQUENOM, INC.'S ANSWER AND COUNTERCLAIMS** |

# ANSWER

Defendant Sequenom, Inc. ("Sequenom"), through its undersigned counsel, answers the Complaint of plaintiffs Beckman Coulter Inc. and Orchid Cellmark Inc. (collectively "Beckman") as follows:

## THE PARTIES

1. Sequenom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1, and therefore denies them.

2. Sequenom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2, and therefore denies them.

3. Sequenom admits that it is a corporation incorporated under the laws of the State of Delaware with its principal place of business at 3595 John Hopkins Court, San Diego, California 92121.

## JURISDICTION AND VENUE

4. Sequenom admits that this case purports to be an action for patent infringement under the patent laws of the United States. Sequenom admits that this Court has subject matter jurisdiction over Beckman's claims, but denies that there is any basis for such claims. Sequenom admits that venue is proper in this Federal District. Sequenom denies the remaining allegations of Paragraph 4.

## BACKGROUND

5. Sequenom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5, and therefore denies them.

6. Sequenom admits that U.S. Patent No. 5,888,819 ("the '819 patent") is entitled "Method for Determining Nucleotide Identity Through Primer Extension." Sequenom admits that the '819 patent indicates on its face that it was issued on March 30, 1999. Sequenom denies that the '819 patent was duly and legally issued. Sequenom admits that Exhibit A appears to be a copy of the '819 patent, but lacks sufficient information to verify its authenticity. Sequenom admits that U.S. Patent No. 6,004,744 ("the '744 patent") is entitled "Method for Determining Nucleotide Identity Through Extension of Immobilized Primer." Sequenom admits that the '744 patent

2

indicates on its face that it was issued on December 21, 1999. Sequenom denies that the '744 patent was duly and legally issued. Sequenom admits that Exhibit B appears to be a copy of the '744 patent, but lacks sufficient information to verify its authenticity. Sequenom admits that U.S. Patent No. 6,537,748 ("the '748 patent") is entitled "Reagent for Nucleic Acid Typing by Primer Extension." Sequenom admits that the '748 patent indicates on its face that it was issued on March 25, 2003. Sequenom denies that the '748 patent was duly and legally issued. Sequenom admits that Exhibit C appears to be a copy of the '748 patent, but lacks sufficient information to verify its authenticity. Sequenom denies the allegations in the last sentence of Paragraph 6 as to the coverage of the '819, '744, and '748 patents. Sequenom lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 6, and therefore denies them.

7. Sequenom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7, and therefore denies them.

8. Sequenom admits that it makes, uses, sells, and/or offers for sale in the U.S. MassARRAY® iPLEX® products for SNP genotyping applications. Sequenom denies that the methods taught and the products sold by Sequenom infringe, induce infringement of, and contributorily infringe the '819 patent, the '744 patent, and the '748 patent. Sequenom admits receiving letters from Beckman addressed to Dr. Dereck Tatman and Steven Weiss of Sequenom dated January 2, 2008 and April 15, 2008 respectively, but denies infringement, continued or otherwise, of the '819 patent and the '744 patent and denies knowledge of any such infringement. Sequenom lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 8, and therefore denies them.

## COUNT I

### ('819 patent)

9. Sequenom repeats and realleges its answers to Paragraphs 1-8 above as if fully set forth herein.

10. Sequenom denies the allegations of Paragraph 10.

11. Sequenom denies the allegations of Paragraph 11.

1    12.    Sequenom denies the allegations of Paragraph 12.

2    13.    Sequenom denies the allegations of Paragraph 13.

3    14.    Sequenom denies the allegations of Paragraph 14.

## COUNT II

### ('744 patent)

15.    Sequenom repeats and realleges its answers to Paragraphs 1-8 and 10-14 above as if fully set forth herein.

16.    Sequenom denies the allegations of Paragraph 16.

17.    Sequenom denies the allegations of Paragraph 17.

18.    Sequenom denies the allegations of Paragraph 18.

19.    Sequenom denies the allegations of Paragraph 19.

20.    Sequenom denies the allegations of Paragraph 20.

### ('748 patent)

21.    Sequenom repeats and realleges its answers to Paragraphs 1-8, 10-14 and 16-20 above as if fully set forth herein.

22.    Sequenom denies the allegations of Paragraph 22.

23.    Sequenom denies the allegations of Paragraph 23.

24.    Sequenom denies the allegations of Paragraph 24.

25.    Sequenom denies the allegations of Paragraph 25.

26.    Sequenom denies the allegations of Paragraph 26.

### COMPLAINT PRAYER FOR RELIEF

27.    Sequenom denies that Beckman is entitled to any relief whatsoever from Sequenom or the Court, either as prayed for in the Complaint or otherwise.

28.    Sequenom further denies each and every allegation in Beckman's Complaint that is not specifically admitted, denied, or otherwise responded to in this Answer and Counterclaims.

## AFFIRMATIVE DEFENSES

Sequenom alleges and asserts the following defenses in response to the allegations in Beckman's Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein:

### First Affirmative Defense (Non-infringement)

29. Sequenom has not infringed and does not infringe, directly, contributorily, by inducement, or in any other manner any valid or enforceable claim of the '819, '744, and '748 patents.

### Second Affirmative Defense (Prosecution History Estoppel)

30. The arguments and amendments contained in the prosecution histories of and/or interference proceedings related to the '819, '744, and '748 patents and/or their related applications estop or bar any claims for alleged infringement.

### Third Affirmative Defense (Invalidity/Unenforceability)

31. Each and every claim of the '819, '744, and '748 patents is invalid and/or unenforceable for failure to meet the requirements of the Patent Laws of the United States, including without limitation one or more of 35 U.S.C. §§ 102, 103, and 112.

### Fourth Affirmative Defense (Laches/Prosecution Laches/Estoppel/Waiver)

32. Beckman's claims for alleged infringement are barred or limited by the doctrines of laches, prosecution laches, equitable estoppel, waiver, and/or other equitable doctrines.

### Fifth Affirmative Defense (Failure to Mark or Give Notice)

33. Beckman's claims for damages for alleged infringement are barred or limited due to failure to allege compliance with (and failure to comply with) the requirements of 35 U.S.C. §287 or otherwise give Sequenom notice of the '819, '744, and '748 patents.

### Sixth Affirmative Defense (Adequate Remedy At Law)

34. Beckman's claims for injunctive relief are barred in light of the fact that Beckman has an adequate remedy at law.

**Seventh Affirmative Defense (Failure to State a Claim)**

35. Beckman's claims for alleged infringement are barred or limited by failure to state a claim.

**Eighth Affirmative Defense (Lack of Standing)**

36. Beckman's claims for alleged infringement are barred or limited by lack of standing to bring suit.

## COUNTERCLAIMS

Defendant/counterclaim plaintiff Sequenom through its undersigned counsel, for its Counterclaims, states as follows:

## THE PARTIES

1. Sequenom, Inc. ("Sequenom") is a corporation incorporated and existing under the laws of the State of Delaware with its principal place of business at 3595 John Hopkins Court, San Diego, California 92121.

2. On information and belief, Beckman Coulter Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 4300 North Harbor Boulevard, Fullerton, California 92834.

3. On information and belief, Orchid Cellmark Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 4390 U.S. Route One, Princeton, New Jersey 08540.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of these Counterclaims under 28 U.S.C. §§ 1331, 1367, 1338(a), 2201, and 2202.

5. This Court has personal jurisdiction over Beckman Coulter Inc. and Orchid Cellmark Inc. (collectively "Beckman") as they have purposefully availed themselves of the privilege of conducting activities within this State and District, including filing the Complaint in this action.

6. Venue is proper in this Federal District under 28 U.S.C. §§ 1391(b), (c), and 1400(b).

# COUNT I

### (Declaratory Judgment Regarding U.S. Patent No. 5,888,819)

7. Sequenom repeats and realleges the allegations in counterclaim paragraphs 1-6 as if fully set forth herein.

8. An actual controversy exists between Sequenom and Beckman as to whether U.S. Patent No. 5,888,819 ("the '819 patent") is invalid and not infringed by Sequenom.

9. A judicial declaration is necessary and appropriate so that Sequenom may ascertain its rights as to whether it infringes the '819 patent, and whether the '819 patent is invalid.

10. Sequenom does not infringe, and has not infringed, any valid or enforceable claim of the '819 patent either directly, contributorily, or by inducement.

11. The '819 patent is invalid and/or unenforceable for failure to meet the requirements of the Patent Laws of the United States, including without limitation one or more of 35 U.S.C. §§ 102, 103, and/or 112.

# COUNT II

### (Declaratory Judgment Regarding U.S. Patent No. 6,004,744)

12. Sequenom repeats and realleges the allegations in counterclaim paragraphs 1-6 as if fully set forth herein.

13. An actual controversy exists between Sequenom and Beckman as to whether U.S. Patent No. 6,004,744 ("the '744 patent") is invalid and not infringed by Sequenom.

14. A judicial declaration is necessary and appropriate so that Sequenom may ascertain its rights as to whether it infringes the '744 patent, and whether the '744 patent is invalid.

15. Sequenom does not infringe, and has not infringed, any valid or enforceable claim of the '744 patent either directly, contributorily, or by inducement.

16. The '744 patent is invalid and/or unenforceable for failure to meet the requirements of the Patent Laws of the United States, including without limitation one or more of 35 U.S.C. §§ 102, 103, and/or 112.

# COUNT III

### (Declaratory Judgment Regarding U.S. Patent No. 6,537,748)

17. Sequenom repeats and realleges the allegations in counterclaim paragraphs 1-6 as if fully set forth herein.

18. An actual controversy exists between Sequenom and Beckman as to whether U.S. Patent No. 6,537,748 ("the '748 patent") is invalid and not infringed by Sequenom.

19. A judicial declaration is necessary and appropriate so that Sequenom may ascertain its rights as to whether it infringes the '748 patent, and whether the '748 patent is invalid.

20. Sequenom does not infringe, and has not infringed, any valid or enforceable claim of the '748 patent either directly, contributorily, or by inducement.

21. The '748 patent is invalid and/or unenforceable for failure to meet the requirements of the Patent Laws of the United States, including without limitation one or more of 35 U.S.C. §§ 102, 103, and/or 112.

## PRAYER FOR RELIEF

WHEREFORE, Sequenom prays for the entry of judgment as follows:

A. Dismissing the Complaint in its entirety, with prejudice;

B. Entering judgment in favor of Sequenom and against Beckman;

C. Declaring that Sequenom does not infringe and has not infringed, either directly, contributorily or by inducement, U.S. Patent Nos. 5,888,819, 6,004,744, and 6,537,748;

D. Declaring that the claims of U.S. Patent Nos. 5,888,819, 6,004,744, and 6,537,748 are invalid and/or unenforceable;

E. Declaring that Beckman's claims are limited and/or barred by the doctrines of laches, prosecution laches, estoppel and/or waiver;

1  F. Awarding Sequenom its reasonable costs and attorneys' fees pursuant to 28 U.S.C. § 285;

G. Granting Sequenom such other and further relief as justice and equity may require.

Dated: August 15, 2008                DEWEY & LEBOEUF LLP

By: s/Stephen C. Holmes
BARBARA A. CAULFIELD (CA SBN 108999)
Email: bcaulfield@dl.com
MICHAEL J. MALECEK (CA SBN 171034)
Email: mmalecek@dl.com
STEPHEN C. HOLMES (CA SBN 200727)
Email: sholmes@dl.com
DEWEY & LEBOEUF LLP
1950 University Avenue, Suite 500
East Palo Alto, CA 94303

Attorneys for Defendant, SEQUENOM, INC.

9

**CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on August 15, 2008, with a copy of this document via the Court's CM/ECF system per Local Rules and Administrative Policies Section 2(d).

Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

Dated:  August 15, 2008            DEWEY & LEBOEUF LLP

By:  s/Stephen C. Holmes
STEPHEN C. HOLMES (CA SBN 200727)
Email:  sholmes@dl.com
DEWEY & LEBOEUF LLP
1950 University Avenue, Suite 500
East Palo Alto, CA 94303

Attorneys for Defendant, SEQUENOM, INC.