UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BECKMAN COULTER, INC., a Delaware Corporation; ORCHID CELLMARK, INC., a Delaware Corporation,<br><br>                      Plaintiff,<br><br>  v.<br><br>SEQUENOM, INC., a Delaware Corporation,<br><br>                      Defendant. | Civil No.   08-cv-1013-W (POR)<br><br>**NOTICE AND ORDER FOR EARLY NEUTRAL EVALUATION CONFERENCE** |

     IT IS HEREBY ORDERED that an Early Neutral Evaluation of your case will be held on **October 14, 2008**, at **10:00 a.m.** before United States Magistrate Judge Louisa S. Porter, United States Courthouse, 940 Front Street, , San Diego, California.

     The following are <u>mandatory</u> guidelines for the parties preparing for the Early Neutral Evaluation Conference.

     1.    **Purpose of Conference:**  The purpose of the Early Neutral Evaluation Conference ("ENE") is to permit an informal discussion between the attorneys, parties, and the settlement judge of every aspect of the lawsuit in an effort to achieve an early resolution of the case.  All conference discussions will be informal, off the record, privileged and confidential.  Counsel for any non-English speaking parties is responsible for arranging for the appearance of an interpreter at the conference.

//

2. **Personal Appearance of Parties Is Required:** All parties, adjusters for insured defendants, and other representatives of a party having full and complete authority to enter into a binding settlement, and the principal attorneys responsible for the litigation, must be present **in person** and legally and factually prepared to discuss settlement of the case.

3. **Full Settlement Authority Required:** In addition to counsel who will try the case, a party or party representative with full settlement authority[1] must be present for the conference. In the case of a corporate entity, an authorized representative of the corporation who is neither corporate counsel nor retained outside counsel must be present and must have discretionary authority to commit the company to pay an amount up to the amount of the plaintiff's prayer (excluding punitive damage prayers). The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior.

Unless there are **extraordinary circumstances,** persons required to attend the conference pursuant to this Order shall not be excused from personal attendance. Requests for excuse from attendance for extraordinary circumstances shall be made in writing at least 48 hours prior to the conference. Failure to appear at the ENE conference will be grounds for sanctions.

4. **New Parties Must Be Notified by Plaintiff's Counsel:** Plaintiff's counsel shall give notice of the ENE to parties responding to the complaint after the date of this notice.

5. **Case Management Under the Amended Federal Rules and Local Patent Rules:** In the event the case does not settle at the ENE, the parties can expect to leave the ENE with Rule 26 compliance dates and deadlines, and a Case Management Order including a Claim Construction

---

[1] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. Pitman v. Brinker Intl., Inc., 216 F.R.D. 481, 485-486 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference. Id. at 486. A limited or a sum certain of authority is not adequate. Nick v. Morgan's Foods, Inc., 270 F.3d 590 (8th Cir. 2001).

briefing schedule and hearing date.  **Parties shall therefore meet and confer pursuant to Fed.R.Civ.P. 26(f) no later than 10 days before the ENE** and be prepared to discuss the following matters at the conclusion of the ENE conference:

    a.    Any anticipated objections under Federal Rule of Civil Procedure 26(a)(1)(E) to the initial disclosure provisions of Federal Rule of Civil Procedure 26(a)(1)(A-D) and the date of initial disclosures;

    b.    Any proposed modification of the deadlines provided for in the Patent Local Rules, and the effect of any such modification on the date and time of the Claim Construction Hearing, if any;

    c.    Whether the court will hear live testimony at the Claim Construction Hearing;

    d.    The need for and specific limitations on discovery relating to claim construction, including depositions of percipient and expert witnesses;

    e.    The order of presentation at the Claim Construction Hearing; and

    f.    Any proposed modifications to the limitations on discovery imposed under the Federal Rules of Civil Procedure or by local rule.

The Court will issue an order following the ENE addressing these issues and setting dates as appropriate.

    6.    **Requests to Continue an ENE Conference:** Local Patent Rule 2.1.a requires that an ENE take place within 60 days of the filing of the first answer.  **Requests for continuances will <u>not</u> be considered unless made as a <u>joint request</u> by all parties no less than ten (10) days prior to the scheduled conference.  Parties shall make any joint request for a continuance telephonically, with counsel for all parties present by phone.**

A Notice of Right to Consent to Trial Before a United States Magistrate Judge is attached for your information.

//
//
//
//

1  Questions regarding this case may be directed to Judge Porter's law clerk, Carolina Bravo-
2  Karimi, at (619) 557-5383.
3  DATED: August 25, 2008

_____
LOUISA S PORTER
United States Magistrate Judge

7  cc:   The Honorable Thomas J. Whelan
8        All parties

### NOTICE OF RIGHT TO CONSENT TO TRIAL
### BEFORE A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of 28 U.S.C. § 636(c), you are hereby notified that a U.S. Magistrate Judge of this district may, upon the consent of all parties on form1a (available in the clerk's office), conduct any or all proceedings, including a jury or non-jury trial, and order the entry of a final judgment. Counsel for the plaintiff shall be responsible for obtaining the consent of all parties, should they desire to consent.

You should be aware that your decision to consent or not to consent is entirely voluntary and should be communicated solely to the Clerk of Court. Only if all parties consent will the Judge or Magistrate Judge to whom the case has been assigned be informed of your decision.

Judgments of the U.S. Magistrate Judges are appealable only to the U.S. Court of Appeals in accordance with this statute and the Federal Rules of Appellate Procedure.

## DISCOVERY CONFERENCES

In an effort to save time and expense for all litigants, this Court holds discovery dispute conferences in lieu of formal noticed motions.

Should a discovery dispute arise during the course of the litigation in this case, the following procedure is to be followed:

If a dispute arises during deposition, you are to call the Court for an immediate ruling. If the Court is unable to handle the matter at that moment, you are to proceed with the deposition and the Court will get back to you as soon as possible.

For all other discovery disputes, you are to meet and confer regarding all disputed issues before contacting the Court. If all attorneys are local, you are required to meet and confer in person. If one or all attorneys are out of town, you are to meet and confer by phone. Under no circumstances will the meet and confer requirement be satisfied by written correspondence.

After you have met and conferred, you may contact the Court for a discovery conference date. The court will <u>not</u> consider any discovery matter unless, and until, a declaration of compliance with the meet and confer requirement is received.

In addition to a date for a discovery conference, you will also receive a date by which you are to submit a joint discovery conference statement to the Court.

The joint statement is to include the following:

1. The exact wording of the document or things requested to be produced or the exact wording of the interrogatory or request for admission asked.

2. The exact response to the request by the responding party.

3. A statement by the propounding party as to why the documents should be produced or why the interrogatory or request for admission should be answered.

4. A precise statement by the responding party as to the basis for all objections and/or claims of privilege, including the legal basis for all privileges.

# NOTICE TO ATTORNEYS:

**Due to prior abuse of Chambers' Policy allowing counsel to present discovery disputes to chambers without FULL briefing, counsel shall prepare and submit points and authorities on all discovery disputes. The points and authorities shall not exceed 10 pages per side and shall be submitted along with the <u>joint discovery conference statement.</u> Points and Authorities exceeding 10 pages without prior approval of the court will NOT be considered by the court.**

<u>SAMPLE</u>

<u>REQUEST NUMBER 1:</u>

Any and all documents referencing, describing or approving the Metropolitan Correctional Center as a treatment facility for inmate mental health treatment by the Nassau County local mental health director or other government official or agency.

<u>RESPONSE TO REQUEST NUMBER 1:</u>

Objection. This request is overly broad, irrelevant, burdensome, vague and ambiguous and not limited in scope as to time.

<u>PLAINTIFF'S REASON WHY DOCUMENTS SHOULD BE PROVIDED:</u>

This request is directly relevant to the denial of Equal Protection for male inmates. Two women's jails have specifically qualified Psychiatric Units with certain license to give high quality care to specific inmates with mental deficiencies. Each women's psychiatric Unit has specialized professional psychiatric treatment staff (i.e., 24 hour psychiatric nurses full time, psychiatric care, psychological care, etc.). Men do not have comparable services. This request will document the discrepancy.

<u>DEFENDANT'S BASIS FOR OBJECTIONS:</u>

This request is not relevant to the issues in the case. Plaintiff does not have a cause of action relating to the disparate psychiatric treatment of male and female inmates. Rather, the issue in this case is limited to the specific care that Plaintiff received.

Should the Court find that the request is relevant, defendant request that it be limited to a specific time frame.